ORIGINAL

Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court

for the

### DISTRICT OF HAWAII



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 07 2007

at 2 o'clock and 40 min P M.
SUE BEITIA, CLERK

U.S.A. vs.  CHERLYN A. NAPULOU                          Docket No.  CR 03-00538HG-03

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Cherlyn A. Napulou, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 20th day of May 2004, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

3.  That the defendant provide the Probation Office access to any requested financial information.

4.  Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5.  That the defendant complete an anger management program.

On 10/8/2004, Your Honor imposed a special condition for a community corrections center placement because the offender was in need of transitional services when supervised release commenced.  Special Condition No. 6 was imposed as follows:

6.  That the defendant shall participate in a Community Corrections Center (CCC) for a period not to exceed 180 days.  While at the CCC, the defendant shall participate in all programs and shall be employed.  The defendant may be released from the CCC at the discretion and direction of the Probation Office.

Prob 12C
(Rev. 1/06 D/HI)

2

The subject's initial term of supervised release commenced on 10/14/2004.

On 9/23/2005, as a result of <u>U.S. v. Stephens</u> and because of the offender's need for continued drug testing, the Court modified the conditions of supervision as follows:

General Condition:   That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

Special Condition Nos. 1 and 7:

1.   That the defendant participate in a substance abuse treatment program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

7.   That the defendant be placed in Mahoney Hale, a community corrections center, for up to 180 days at the discretion and direction of the Probation Office.  The defendant shall participate in the programs at Mahoney Hale to include employment and job-training opportunities.

On 11/10/2005, Your Honor revoked supervised release based upon findings of guilt as to Violations 1 through 8.  Your Honor sentenced the subject to 24 months imprisonment, to be followed by 42 months of supervised release with the following special conditions:  1) That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment; 2) That the defendant serve 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office; 3) That the defendant shall provide the Probation Office access to any requested financial information; 4) Without the prior written approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment; 5) The defendant shall participate in and complete an anger management program; 6) The defendant shall immediately report any contact with Child Welfare Services; 7) That the defendant cooperate with Child Welfare Services and comply with service plans that may include but are not limited to reunification with her children and visitation privileges, as directed by the Probation Office; 8) That the defendant shall not have regular contact with anyone having a misdemeanor or felony conviction, without the prior permission of the Probation Office; 9) That the defendant must provide the name and identifying information of non-family members before she may reside with them and before allowing such individuals to reside with her and her children; and 10) That the defendant shall not possess or consume alcohol during the term of supervision.

Prob 12C
(Rev. 1/06 D/HI)

3

The subject's second term of supervised release commenced on 9/20/2007.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of her supervised release (Judgment attached) as follows:

1.      The offender associated with a person convicted of a felony without permission of the probation officer on or about 10/4/2007, 10/8/2007, and 11/5/2007, in violation of Standard Condition No. 9 and Special Condition No. 8.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[ X ]    The issuance of a NO BAIL warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[   ]    Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on ____11/7/2007_____

_____
CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 7th day of November, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:    **NAPULOU, Cherlyn A.**
        **Criminal No. CR 03-00538HG-03**
        **REVOCATION OF SUPERVISED RELEASE**


### STATEMENT OF FACTS

The offender pled guilty to Distribution of Methamphetamine Within 1,000 Feet of an Elementary School (Count 1) and Distribution of Methamphetamine (Count 5). On 5/20/2004, she was sentenced to 10 months imprisonment to be followed by 6 years supervised release as to each of Counts 1 and 5. The special conditions of supervised release are noted on the facesheet of the petition.

The subject began her initial term of supervised release on 10/14/2004. On 10/8/2004 and 9/23/2005, the subject's conditions of supervised release were modified to allow the subject to be placed into a community corrections center in furtherance of her adjustment within the community.

On 11/10/2005, Your Honor revoked supervised release based upon a finding that the subject failed to submit a truthful and complete written report on 3 occasions, failed to follow the instructions of the probation officer on 2 occasions, failed to answer truthfully all inquiries of the probation officer on 1 occasion, associated with a convicted felon on 2 occasions, misused a handicap placard and operated a vehicle without a license, failed to participate in substance abuse counseling, failed to complete an anger management class, failed to report a change in residence, and pleading guilty to Abuse of Family/Household Member in the Family Court of the First Circuit. Your Honor sentenced the subject to 24 months imprisonment, to be followed by 42 months of supervised release with special conditions.

The subject began her second term of supervised release on 9/20/2007. As a condition of supervised release, the subject was released to Residential Reentry Center Mahoney Hale. She was also referred to Freedom Recovery Services for substance abuse counseling and anger management classes. During her processing, the subject expressed her desire to succeed on supervision and re-establish her relationship with her children.

However, within the first month of supervision the subject committed the following violations:

**Violation No. 1 - Associating With Convicted Felon Karla K. Kahau on 10/4/2007, 10/8/2007, and 11/5/2007:**

On 10/9/2007, the subject's substance abuse counselor noted that the subject reported for her intake interview with another female, later identified as felon Karla K. Kahau, on 10/4/2007. The counselor confirmed that the subject and Kahau entered the waiting room together, Kahau waited for the subject in the waiting room during the interview, and they subsequently left the waiting room. Upon inquiry, Mahoney Hale personnel confirmed that

Re:   **NAPULOU, Cherlyn A.**
      **Criminal No. CR 03-00538HG-03**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

facility rules prohibit residents from associating with unauthorized individuals during all treatment or employment activities within the community

As Your Honor may recall, Ms. Kahau was previously convicted of Conspiracy to Distribute and Possess With Intent to Distribute Heroin, Crystal Methamphetamine, Cocaine, and Marijuana (Count 1) and Aiding and Abetting the Possession With Intent to Distribute in Excess of 50 Grams of Crystal Methamphetamine.  On 2/21/2002, Your Honor sentenced her to 27 months of imprisonment followed by 5 years of supervised release.  On 4/24/2006, Ms. Kahau's term of supervised release was revoked based upon a finding that she failed to answer truthfully all inquiries of the Probation Officer and follow instructions of the Probation Officer, failed to report to the Probation Officer on 4 occasions, and failed to submit a truthful and complete written report on 2 occasions.  Your Honor subsequently sentenced her to a term of 7 months imprisonment with no supervised release to follow.

On 10/11/2007, the subject's counselor at Mahoney Hale reported that Ms. Kahau visited their facility to drop off food for the subject on 10/8/2007.  After being recognized by a staff member, Kahau was instructed to leave the premises.

On 10/18/2007, the subject reported to the U.S. Probation Office.  When confronted about her association with Kahau, the subject admitted that she associated with Kahau on multiple occasions, to include the 10/4/2007 and 10/8/2007 violations.  The subject acknowledged being aware that she was prohibited from associating with convicted felons without prior approval.  In addition, the subject referred to Kahau as "her other half" and noted that she should not be prohibited from associating with her.  After discussing her previous goals to re-establish her family ties, the subject agreed to execute a behavioral contract (Exhibit 1) admitting to the violations and agreeing to refrain from all contact with felons, to include Karla K. Kahau.

On 11/5/2007, the subject's counselor at Mahoney Hale reported that Ms. Kahau accompanied the subject to an employment interview earlier that morning.  The counselor noted that the subject would be cited for the violation at Mahoney Hale.  This officer subsequently contacted the secretary for Island Maids, Honolulu, Hawaii.  She confirmed that the subject and Kahau reported to the company office seeking employment on 11/5/2007.  After being offered employment, the subject and Kahau noted that they would be reporting to work together.  This officer subsequently provided the secretary with photographs of the subject and Kahau.  She identified both the subject and Kahau as the females that entered the Island Maids office together on 11/5/2007.

Re:    **NAPULOU, Cherlyn A.**
       **Criminal No. CR 03-00538HG-03**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


On 11/5/2007, the subject was contacted at Mahoney Hale.  When confronted about her association with Kahau, the subject denied all contact and noted that she was referred to Island Maids and Kahau was already there.  This officer stressed the importance of being truthful and working with this officer.  The subject maintained her position and reported no wrongdoing.

There are both mitigating and aggravating factors to be considered.  In mitigation, the subject has been attending substance abuse counseling and anger management classes.  However, despite being on her second term of supervision, the subject has resumed her noncompliant and untruthful behavior.  The subject's immediate violations suggest that she is unwilling to follow Court-ordered conditions of supervised release and that she is not amenable to supervision despite her placement in a structured environment.  Additionally, the subject's extensive history of drug abuse and violence suggest that she poses an increased risk of harm to the community.  Furthermore, her continued association with felons indicates she has not been deterred from involving herself in prohibited behavior.  As a result, it is recommended that the Court issue a No Bail warrant  for her appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,


CARTER A. LEE
U.S. Probation Officer


Approved by:


PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/dck

Re:    **NAPULOU, Cherlyn A.**
       **Criminal No. CR 03-00538HG-03**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

AO 245D (Rev. 8/96) Sheet 1 - Judgment in    iminal Case for Revocation    ORIC NAL



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

NOV 1 8 2005

at __ᵞ__ o'clock and __ᵞ__ min. __a__ N

SUE BEITIA, CLERK

UNITED STATES OF AMERICA

v.

**CHERLYN A. NAPU**~~**RECEIVED**~~
(Defendant's Name)

**NOV 1 8 2005**

**U.S. PROBATION OFFICE**
HONOLULU, HAWAII

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number:    **1:03CR00538-003**
USM Number:    95086-022

**Emmanuel G. Guerrero**
Defendant's Attorney

**THE DEFENDANT:**

[✔]    admitted guilt to violation of Standard Condition Nos. 2, 3, 6 and 9, General Condition, Special Condition Nos. 1 and 5, Hawaii Revised Statutes §§ 291-53, 286-132and 709-906  of the term of supervision.

[ ]    was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:    **2790**

Defendant's Residence Address:
**Honolulu, Hawaii**

Defendant's Mailing Address:
**Honolulu, Hawaii**

November 10, 2005
Date of Imposition of Sentence

Signature of Judicial Officer

**HELEN GILLMOR**, United States District Judge
Name & Title of Judicial Officer

11·17·05
Date

ATTEST  A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii

By_____
                    Deputy

AO 245 D (Rev. 3/95) Judgment in a Criminal    se for Revocation Sheet I

CASE NUMBER:     1:03CR00538-003
DEFENDANT:       CHERLYN A. NAPULOU                                            Judgment - Page 2 of 5

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | The offender failed to submit a truthful and complete written report within the first 5 days of each month for the months of June through August 2005 | |
| 2 | The offender failed to follow the instructions of the probation officer issued on 3/2/2005 and 10/3/2005, and failed to answer truthfully all inquiries by the probation officer on 8/23/2005 | |
| 3 | The offender associated with a person convicted of a felony without permission of the probation officer on or about 2/24/2005 and 5/2/2005 | |
| 4 | The offender misused a handicap placard and operated a motor vehicle without a license on 3/25/2005 | |
| 5 | The offender failed to participate in a substance abuse program in accordance with the program requirements on 9/16/2005 | |
| 6 | The offender failed to complete an anger management program on 6/9/2005 | |
| 7 | That on or about 9/29/2005, the offender failed to notify the probation officer at least 10 days prior to any change in residence | |
| 8 | That on 10/24/2005, the offender pled guilty to Abuse of Family/Household Member in Family Court of the First Circuit | |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonme

CASE NUMBER:        1:03CRO0538-003
DEFENDANT:          CHERLYN A. NAPULOU

Judgment - Page 3 of 5

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 MONTHS .

This term consists of TWENTY-FOUR (24) MONTHS at to each of Counts 1 and 5, with both terms to be served concurrently.

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before _ on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 12/03)  Sheet 3 - Supervised      ise

| | |
|---|---|
| CASE NUMBER:      1:03CR00538-003 | Judgment - Page 4 of 5 |
| DEFENDANT:       CHERLYN A. NAPULOU | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 42 MONTHS .

This term consists of FORTY-TWO MONTHS as to each of Counts 1 and 5, with both terms to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]       The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]       The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]       The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]       The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised        ase

CASE NUMBER:      1:03CR00538-003                                          Judgment - Page 5 of 5
DEFENDANT:        CHERLYN A. NAPULOU

## SPECIAL CONDITIONS OF SUPERVISION

1.  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant serve 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office

3.  That the defendant shall provide the Probation Office access to any requested financial information.

4.  Without the prior written approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5.  The defendant shall participate in and complete an anger management program.

6.  The defendant shall immediately report any contact with Child Welfare Services.

7.  That the defendant cooperate with Child Welfare Services and comply with service plans that may include but are not limited to reunification with her children and visitation privileges, as directed by the Probation Office.

8.  That the defendant shall not have regular contact with anyone having a  misdemeanor or felony conviction, without the prior permission of the Probation  Office.

9.  That the defendant must provide the name and identifying information of non-family members before she may reside with them and before allowing such individuals to reside with her and her children.

10. That the defendant shall not possess or consume alcohol during the term of supervision.

```
ACKNOWLEDGMENT OF CONDITIONS
I have read or have had read to me the conditions of
supervision set forth in this judgment and I fully understand
them  I have been provided a copy of them.
I understand that upon finding of a violation of probation or
supervised release, the Court may (1) revoke supervision,
(2) extend the term of supervision, and/or (3) modify the
conditions of supervision.

_____        21 Sept 07
Defendant                           Date

_____        1/4/b
United States Probation Officer     Date
```

OPERATION WEED & SEED
TARGET AREA:
PALAMA - DOWNTOWN/CHINATOWN
OAHU, HAWAII



KALIHI-PALAMA-CHINATOWN-MCCULLY-ALA MOANA SITE
(MIDDLE SECTION)

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII
### PROBATION OFFICE

RICHARD W. CRAWFORD
Chief Probation Officer

October 18, 2007

Room C - 110
300 Ala Moana Blvd.
Honolulu, Hawaii 96850-0110
Tel. (808) 541-1283
FAX (808) 541-1345

## BEHAVIORAL CONTRACT

I, Cherlyn Nalulou, acknowledge that I have been in violation of the conditions of my supervised release for the following reasons:  1) associating with felon Karla Kahau on multiple occasions.

-------------------------------------------------------------------------

*I agree to comply with the following contract by:

1) abiding by the general, standard, and special conditions of supervision.

2) refraining from the possession and use of alcohol and any illicit substances.

3) refraining from associating with felons, to include Karla Kahau

-------------------------------------------------------------------------

I acknowledge that another copy of the Conditions of Supervised Release (Judgement) has been provided to me.

I understand that if I fail to comply with this Behavioral Contract, I could face further sanctions, including possible revocation.

_____
Cherlyn Napulou
Supervisee

10/18/07
Date

_____
Carter Lee
USPO

10/16/07
Date